DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entered by the Meigs County Common Pleas Court revoking community control sanctions and imposing prison sentences on Norman Evans, defendant below and appellant herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT BY TERMINATING THE DEFENDANT'S COMMUNITY CONTROL AND SENTENCING HIM TO PRISON FOR TWELVE MONTHS."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN TERMINATING THE DEFENDANT'S COMMUNITY CONTROL AND SENTENCING HIM TO PRISON FOR TWELVE MONTHS WHEN THERE IS NO FINDING IN THE RECORD THAT COMMUNITY CONTROL WAS NOT THE APPROPRIATE SANCTION FOR VIOLATION OF CONDITIONS OF THE COMMUNITY CONTROL."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT IN FAILING TO MAKE A DETERMINATION AS TO HOW MANY DAYS NORMAN EVANS HAD ACTUALLY BEEN INCARCERATED AND IN FAILING TO GIVE HIM CREDIT FOR THOSE DAYS."
The record reveals the following facts pertinent to this appeal. On or about February 11, 1998, the Meigs County Grand Jury returned an indictment charging appellant with two counts of burglary in violation of R.C. 2911.12(A). He initially pled not guilty to those charges, but later reached an agreement with the prosecution whereby he agreed to plead guilty to reduced charges of breaking and entering in violation of R.C.2911.13. Judgment to that effect was entered on February 24, 1998, and the case was passed for pre-sentence investigation. Subsequently, the trial court held a hearing and on April 14, 1998, the court sentenced appellant to one (1) year imprisonment on each count. With respect to the second count, however, the trial court ordered that the prison sentence be suspended and that appellant be placed on five (5) years of "basic supervision community control" to begin upon his release from prison on the first count. The community control sanction included, among others, the following conditions:
 "2.) The Defendant shall violate no federal, state or local laws or ordinances . . . and [will obey] all orders, rules and regulations of supervision as promulgated by the Court or Probation Officer or the Community Corrections program. * * *
* * *
 4.) The Defendant shall not have, use or consume any illegal drugs or alcoholic beverage or intoxicating or spiritous liquors or go about the premises of any commercial establishment whose principal business is the sale of such.
 5.) The Defendant shall submit to random alcohol and/or drug testing, at the Defendant's cost, and at the request and direction of the Probation Officer or the Community Corrections Program."
The sentencing entry also contained a provision that specified that any violation of the community control could lead to "a more restrictive sanction for [appellant], up to and including a prison term of eighteen (12) [sic] months."
On June 15, 1998, after spending several months in prison, appellant filed a motion for judicial release pursuant to R.C. 2929.20. The State first opposed his request, but then changed its position provided that appellant would not be released from prison outright. A hearing was held at which time the parties agreed that appellant would be released into a program at the Southeastern Probation and Treatment Alternative (hereinafter "SEPTA") rather than being discharged into the community at large. Judgment to that effect was entered on October 7, 1998, suspending appellant's prison sentence on the condition that he "enter into and successfully complete the SEPTA program" and serve five (5) years "probation."
Appellant completed the SEPTA program and was released from that facility in February of 1999. He thereafter began to serve his term of "probation" which included, inter alia, the following conditions:
 "1.) I will obey federal, state and local laws and ordinances, and all rules and regulations of the Meigs County Common Pleas Court or the Department of Rehabilitation and Correction.
* * *
 7.) I will not possess, use, purchase, or have under my control, any narcotic drug or other controlled substance . . ."
This latter condition was apparently problematic for appellant. He tested positive for marijuana use on three (3) separate occasions during the last few months of 1999 and also admitted to having that drug in his possession on one other occasion. The State filed a motion to revoke community control sanctions on December 28, 1999, asking that appellant's "probation" be terminated and that he be ordered to "serve the original sentence of imprisonment." Appellant ultimately admitted to these charges of drug use and the case was set for sentencing at a later date. Then, on February 14, 2000, appellant tested positive for marijuana use again. The State filed a second motion asking that "probation" be revoked. Appellant eventually admitted to this later incident of drug use as well.
The matter came on for a hearing on March 13, 2000, at which time it was pointed out that appellant had paid all restitution and fines from the original theft offenses and was now gainfully employed. Nevertheless, he admitted to having "a problem smoking dope." Defense counsel argued that given the particular facts and circumstances of this case, it was appropriate to continue appellant on community control sanctions albeit with some greater safeguards (e.g. more frequent drug tests or house arrest when he was not working). The State disagreed arguing that appellant had now admitted to five (5) separate incidents of drug use while on community control and that his continued refusal to abstain from drug use (as was required by the terms of his community control) necessitated that he be given prison time.
The trial court took the matter under advisement and on March 17, 2000, entered judgment finding appellant to be in violation of his community control sanctions. The court ordered that the one (1) year prison terms (previously given for the original breaking and entering offenses) be "re-imposed" and that those sentences be served consecutively to one another. This appeal followed.
 I
The first and second assignments of error will be addressed together in that they raise interrelated issues. Appellant argues that the trial court erred in revoking his community control sanction(s) and in re-sentencing him to his original twelve (12) month prison terms. We reluctantly agree. Our reasons are as follows.
Appellant was convicted on two (2) counts of breaking and entering, which are fifth degree felonies. See R.C. 2911.13(C). The available prison sentences for such offenses range from six (6) to twelve (12) months. R.C. 2929.14(A)(5). The court sentenced appellant to the maximum prison term on both counts but, with respect to the second count, suspended the sentence and placed appellant on "five (5) years of basic supervision community control." On October 7, 1997, the court granted appellant judicial release from the prison sentence on the first count. The provisions of R.C. 2929.20(I) set down the following requirements with respect to judicial release:
 "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense." (Emphasis added).
This statute expressly states that a trial court granting judicial release must reserve the right to reimpose the original sentence on a defendant when that defendant violates a community control sanction. The reservation of such right must also appear on the record. See Griffin 
Katz, Ohio Felony Sentencing Law (2000 Ed.), 187. This requirement is where we run into the first of several problems with the proceedings below. The trial court's October 7, 1998 judgment granting judicial release imposes several community control sanctions (e.g. completion of the SEPTA program and the "Community Corrections Program of Meigs County"), but makes no mention whatsoever that the court is reserving the right to reimpose the original prison sentence should those sanctions be violated. Further, we find nothing in the transcript of the hearing on the motion for judicial release to indicate the reservation of such right.
The provisions of R.C. 2929.20(I) do not expressly indicate what should happen if a trial court fails to reserve the right to reimpose an original sentence upon violation of a community control sanction during judicial release, and our research has found no case law addressing this particular issue. However, the plain wording of the statute suggests that the original sentence could not be reimposed by the trial court absent the reservation of such a right. Were it otherwise, and if the trial court was able to simply reimpose that sentence, the Ohio General Assembly would presumably have written the statute in that fashion rather than requiring a reservation of the right. Further, the statute would not go on to speak of reimposing the sentence "pursuant to this reserved right," but would have allowed for reimposition of the sentence irrespective of any action on the part of the trial court. It then follows that in the absence of an express reservation of the right to do so, a trial court has no authority to reimpose the sentence it reduced after a violation of community control sanction(s) on judicial release. In the case sub judice, we find no such express reservation of right and we therefore conclude that the trial court erred in reimposing its original sentence after appellant violated the terms of his judicial release from prison on the first count of his prior conviction.
Thus, in the absence of a reserved right to re-impose the original prison sentence, the trial court should have treated appellant's violation of judicial release as it would have treated any other violation of a community control sanction. This brings us to some of the other problems in the cause sub judice. First, our review of the record reveals that the proceedings below were, in many respects, conducted as if the court was determining whether to revoke appellant's "probation." The term "probation" is no longer used in our criminal jurisprudence since the 1995 passage of Am.Sub.S.B. No. 2, 146 Ohio Law, Part IV, 7136, which overhauled Ohio's felony sentencing laws. State v. Gilliam (Jun. 10, 1999), Lawrence App. No. 98CA30, unreported. Community Control Sanctions have now essentially replaced that concept. Id. Although similar in operational effect, community control sanctions differ from probation in the manner by which those controls are handled. Id.; also see State v.Alexander (Aug. 10, 1999), Lawrence App. No. 98CA29, unreported. Judge Griffin and Professor Katz explain this difference in their treatise as follows:
 "Prior to 1995 Senate Bill 2, it was quite appropriate for a judge to treat probation as a contract for leniency. The judge imposed but suspended a prison sentence-the presumed proper punishment for the crime of conviction. Probation was conditioned on good behavior. Violation of that probation was a breach of contract with the sentencing judge. For the breach, the judge could properly impose the suspended prison sentence-even for the most trivial violation of probation.
 Under Senate Bill 2, a sentence to a community control sanction is not a contract for good behavior that automatically is punishable by prison if it is violated. The community control sanction that is imposed is the appropriate sentence for the crime of conviction. That sanction was the one that should have adequately punished the offender for his misconduct and should have adequately protected the public from future crime by the offender. The sentence should have been reasonably calculated to achieve those overriding purposes. Just as the Parole Board can no longer extend a sentence as a revised punishment for the felony which sent the offender to the penitentiary, so the court which imposes punishment for a violation of a community control sanction cannot punish the offender again for the crime that gave rise to the community control sanction. The sanction for the violation of the community control sanction should be the sanction that is commensurate with the seriousness of the violation and adequately protects `the public from future crime by the offender and others.'" Griffin Katz, supra at 523-524, § T5.36 (Emphasis added.) (Footnotes deleted.)
We acknowledge that there are several instances in the record in which these proceedings allude to the revocation of community control sanctions. In other instances, however, the parties refer to "probation" revocation. Although this Court will not require strict compliance with the proper use of the new nomenclature, nor will we require rote recitation of the new statutory terms and language, we must, however, review the transcripts and pertinent judgment entries to ensure substantial compliance with the substance of the new laws. That being said, we note that the trial court's March 17, 2000 sentencing entry references the previous sentences imposed for the original breaking and entering convictions and simply re-imposes them. This suggests to us that the proceedings below were conducted more along the lines of a probation revocation case than one to punish the violation of community control sanctions. We believe that the interests of justice are best served in the instant case by remanding this case for further review in light of those principles discussed above.
Another problem with the proceedings below was the choice of punishment used to sanction the community control violation. We note that a trial court has three (3) options for punishing defendants who violate a community control sanction. The court may (1) lengthen the term of the community control sanction, (2) impose a more restrictive community control sanction, or (3) impose a prison term on the offender pursuant to R.C. 2929.14. See R.C. 2929.15(B); also see State v. Johnson (Jul. 10, 2000), Coshocton App. No. 00CA2, unreported; State v. Roy (Jun. 9, 2000), Hamilton App. Nos. C-990509 C-990510, unreported; State v.Brown (Mar. 20, 2000), Wyandot App. No. 16-99-12, unreported. Although a trial court may opt to impose a prison sentence for community control violations, we note that several statutory restrictions are placed on the selection of that option.
The first of these restrictions is that the prison term imposed upon the violator shall not exceed the term specified in the notice provided to the offender at the sentencing hearing. See R.C. 2929.15(B)[1];also see Gilliam, supra; State v. Carter (Dec. 10, 1999), Greene App. No. 99CA67, unreported. Our review of the transcript of appellant's April 13, 1998, sentencing hearing reveals the following comments by the trial court:
 "THE COURT: Do you also understand that you'll serve the term without good time credit and if you commit a crime in prison, the parole board will increase your prison time up to 50% of your stated term in 15, 30, 60, 90 day increments. After prison release, you may be put on three years of post-release control. A parole board could return you to prison for up to nine months for each violation of these conditions for a total of 50% of [your] stated term. If the violation is a new felony, [you] could receive a new prison term of the greater of one year or the time remaining on post-release control.
 Your other 12-month sentence consecutive could be reimposed, do you understand that?"
We believe that the court of appeal's comment was minimally sufficient to put appellant on notice that he could be returned to prison for violating the terms of his post-release control and community control sanctions. We acknowledge that the April 14, 1998 sentencing entry more explicitly warned that a violation of community control sanctions would "lead to a more restrictive sanction for defendant, up to and including a prison term of eighteen (12) [sic] months." This was not sufficient, however, as the notice must have been given to appellant at the time of the sentencing hearing (see R.C. 2929.19(B)(5)) rather than in an entry filed several days thereafter. In any event, as stated above, we hold that the trial court's comments at the hearing sufficiently placed appellant on notice that a prison sentence could be imposed.
The second statutory restriction on the trial court's ability to impose prison time for violating the community control sanctions is set forth in R.C. 2929.13(E)(2) as follows:
 "If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
 (a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.
 (b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."
Appellant's violations of his community control sanctions were all drug related. Thus, appellant could only be sentenced to prison time if either provision in R.C. 2929.13(E)(2) applied. There is no evidence in the record that the trial court ordered appellant to participate in a drug treatment program in prison or after his judicial release, and the trial court made no such finding in the March 17, 2000 sentencing entry. The court did, however, make the following notation:
 "The Court finds that by prior stipulation by the Defendant and the State of Ohio, that the Defendant is not amenable to community control and that prison is consistent with the purposes of Revised Code Section 2929.11, and that there is a factual basis for the court to find that the maximum, consecutive sentences are appropriate." (Emphasis added).
Even assuming, arguendo, that it was proper to stipulate the required findings under R.C. 2929.11 at the original sentencing hearing, it was nevertheless inappropriate to rely on that same stipulation two (2) years later when punishing appellant for his violation of community control sanctions. Appellant's violation of community control is a different matter than the breaking and entering offenses which originally brought him into the criminal justice system. This necessitates a new consideration of the principles and overriding purposes of felony sentencing in R.C. 2919.11. Moreover, when considering that statute relative to drug violations of community control sanctions, Judge Griffin and Professor Katz make the following observations:
 "The current version of RC 2929.13(E)(2) and its amendment proposed by Senate Bill 107 both condition imprisonment for continued drug use upon prison being `consistent with the purposes and principles' of RC 2929.11. Determining such consistency depends upon an understanding of evolving knowledge about the relationship of treatment and punishment to the substance abuse recovery process. A currently accepted maxim of drug treatment professionals is that `relapse is a part of recovery.' But knowledge about the recovery process and effective treatment methods are constantly changing. The best contemporary information indicates that treatment is usually more effective in reducing drug usage than incarceration without treatment and that treatment combined with sanctions and close monitoring is even more effective than treatment alone. In Ohio, in 1999, prisons did not offer treatment for offenders imprisoned for a year or less; thus, imprisonment was generally not the more effective way to reduce drug usage. Accordingly, immediate imprisonment because of continued drug usage would usually violate the principle in RC 2929.11(B) that a sentence `shall be reasonably calculated to achieve the two overriding purposes of felony sentencing' and the guidance in RC 2929.13(A) that a `sentence shall not impose an unnecessary burden on state or local governmental resources.' The decision, then, as to whether imprisonment for continued drug use is `consistent with the purposes and principles' of RC 2929.11 will depend upon specific facts related to the offender's motivation for treatment, the faithfulness of the offender's participation in the treatment process, the cause and nature of the relapse and the quality of available local treatment programs. A general policy of imprisonment for a single or multiple relapse which did not take into account the particularities of each situation would be inconsistent with RC 2929.11." (Emphasis added). (Footnotes omitted). Ohio Felony Sentencing Law, supra at 626-627, § T8.3.1.
For the reasons outlined above, we reluctantly sustain appellant's first and second assignments of error. We remand this case to the trial court for further consideration in light of those principles discussed herein.
Appellant invites this court to order the trial court to impose new community controls with the "appropriate conditions" attached thereto. We decline that invitation, however, as the appropriate sanction for violating community control is a matter which should first be considered by the trial court with all due regard for the particular facts and circumstances of the case, as well as the statutory principles set forth in R.C. 2929.11. We also note that there is nothing in this opinion which should be misconstrued as our being opposed to the imposition of prison time. The gist of our ruling in this case is that these proceedings cannot be analogized to probation revocation cases and that prison time is not automatically warranted for a drug violation of previously imposed community control sanctions.
We would also note, as we have done numerous times before, that the problems in this case lie not with counsel or the trial court but with the endless complexity of the convoluted and often times contradictory provisions of the new felony sentencing laws. See State v. Combs (Jul. 18, 2000), Scioto App. Nos. 00CA2692 99CA2679, unreported; State v.Ferguson (Aug. 19, 1999), Pickaway App. No. 99CA6, unreported. Even now, more than five (5) years after those provisions became law, the bench and bar still come upon new, confusing and unconventional procedures for handling matters which were once relatively simple under our old system of criminal jurisprudence. Gilliam, supra. Nevertheless, both this Court and the trial court are charged with applying those laws to the best of our understanding and it appears to us that the interests of justice are best served by remanding this case for further consideration in light of those principles discussed earlier.
 II
Appellant's third assignment of error involves the jail time credit after the original sentences were re-imposed. Appellant argues that the three hundred twenty (320) days afforded him did not match the time he was actually incarcerated. We need not specifically address this argument as our ruling on the first two assignments of error has rendered it moot. See App.R. 12(a)(1)(C). We parenthetically note, however, that during the March 13, 2000 sentencing hearing the State conceded that appellant had "already served" the "balance of the first count." This would suggest to us that the credit afforded him should have been approximately three hundred sixty-five (365) days. In any event, should the trial court conclude on remand that prison time is an appropriate punishment for violation of the community control sanctions, the better practice would be to hold a hearing and clearly set out on the record how jail credit was calculated.
In conclusion, having sustained appellant's first and second assignments of error, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.
It is ordered that the judgment be reversed, that the cause be remanded for further proceedings and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment Opinion.
[1] The provisions of R.C. 2929.19(B)(5) state that the court shall notify the offender at the sentencing hearing that, if the conditions of the community control sanction are violated, the court may inter alia
impose a prison term and "shall indicate the specific prison term that may be imposed as a sanction for the violation . . ." (Emphasis added).